IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LA BREC,

                Plaintiff,

  v.

                                                OPINION and ORDER

SALAM SYED, LUCAS WEBER, RACHEL PAFFORD,
TRISHA ANDERSON, TERESEA GAIER,                19-cv-804-jdp
M. THORNE, NEAVER WALTERS,
KATHY WHALEN, and JESSE BEAVER,

                Defendants.

---

Pro se plaintiff and prisoner Matthew La Brec is proceeding on claims under the Eighth Amendment and state law that staff at Columbia Correctional Institution failed to give him adequate medical care after he seriously injured his hand in September 2016. In the order screening the original complaint, I concluded that La Brec's allegations against some defendants did not provide fair notice, as required by Federal Rule of Civil Procedure 8. I dismissed the claims against those defendants without prejudice but gave La Brec an opportunity to file a supplement to his complaint to include additional allegations. Dkt. 7.

Now La Brec has filed a supplemental complaint against Fern Springs (a physician at the prison), Denise Valerius (a prison nurse), and "Gibbons" (also a prison nurse). Dkt. 13. La Brec doesn't identify any legal theories in his supplement, but I understand him to be contending that Springs, Valerius, and Gibbons violated his rights under the Eighth Amendment and the common law of negligence. I set forth the relevant legal standards in the original screening order, Dkt. 7, at 2–3, so I need not repeat them here.

I conclude that the following allegations in La Brec's supplemental complaint state a claim under the Eighth Amendment and state law:

1) After La Brec broke his hand and the security director refused to allow La Brec to be taken to the hospital, Springs failed to provide any other care, Dkt. 13, ¶ 10;

2) After La Brec had surgery on his hand, Springs disregarded instructions from the surgeon that La Brec needed a follow-up appointment within 10 to 14 days, *id.*, ¶¶ 2–7;

3) Springs disregarded the prescription the surgeon gave La Brec for Vicodin, changing it to Tramadol and ibuprofen without using any medical judgment, *id.*, ¶¶ 8–9;

4) Springs was informed that La Brec's wound was bleeding excessively, but she refused to take any action, *id.*, ¶ 12;

5) La Brec informed Valerius multiple times in October 2016 that his pain was "not manageable," but she failed to do anything to help him, *id.*, ¶ 13;

6) La Brec complained to Valerius in January and April 2018 that he had not received treatment ordered by a doctor in August 2017, including an x-ray and a wrist brace, but she failed to do anything to help him, *id.*, ¶ 14 and Dkt. 1, ¶¶ 67–68;

7) La Brec complained to Gibbons in February 2018 that he was in severe pain and that he had not yet received treatment ordered by a doctor in August 2017, including an x-ray and a wrist brace, but she failed to do anything to help him, Dkt. 13, ¶¶ 17–20 and Dkt.1, ¶¶ 67–68.

La Brec includes other allegations about Springs and Valerius, but those allegations are still too vague and conclusory to state a plausible claim for relief, so I will not allow La Brec to proceed on those claims. *See Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (complaint must be dismissed if it doesn't "state[] a plausible claim for relief"); *Yeftich v. Navistar, Inc.,* 722 F.3d 911, 917 (7th Cir. 2013) ("[A]bsent some specific factual detail to color these bare conclusory allegations, the complaint does not plausibly state a claim."). As for Springs, La Brec says that she "failed to ensure that plaintiff's pain was treated effectively, that he was provided the proper follow-up treatment, and that he was not subject to the pain he was in prior to being sent to

the hospital." Dkt. 13, ¶ 11. As for Valerius, La Brec says that she "let there be extreme delays" in providing care and "did not try to assist him by treating his medical condition." *Id.*, ¶ 16.

La Brec doesn't explain how Springs was involved in his care or what she knew about his pain or his need for care. And he doesn't identify any particular treatment that Valerius prevented him from receiving or explain how she prevented him from receiving that treatment. Without that information, I cannot reasonably infer that the alleged conduct was negligent or violated the Eighth Amendment, so I will dismiss those claims for failure to state a claim upon which relief may be granted.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew La Brec is GRANTED leave to proceed on the following claims under the Eighth Amendment and a state-law negligence theory:

    1) After La Brec broke his hand and the security director refused to allow La Brec to be taken to the hospital, defendant Fern Springs failed to provide any other care;

    2) After La Brec had surgery on his hand, defendant Springs disregarded instructions from the surgeon that La Brec needed a follow-up appointment within 10 to 14 days;

    3) Defendant Springs disregarded the prescription the surgeon gave La Brec for Vicodin, changing it to Tramadol and ibuprofen without using any medical judgment;

    4) Defendant Springs was informed that La Brec's wound was bleeding excessively, but she refused to take any action;

    5) La Brec informed defendant Valerius multiple times in October 2016 that his pain was "not manageable," but she failed to do anything to help him;

    6) La Brec complained to Valerius in January and April 2018 that he had not received treatment ordered by a doctor in August 2017, including an x-ray and a wrist brace, but she failed to do anything to help him;

7) La Brec complained to Gibbons in February 2018 that he was in severe pain and that he had not yet received treatment ordered by a doctor in August 2017, including an x-ray and a wrist brace, but she failed to do anything to help him.

2. La Brec is also proceeding on the following claims under the Eighth Amendment and a state-law negligence theory:

1) Defendant Anderson refused to do anything other than give La Brec ibuprofen after he hurt his hand, even though it was obvious that his hand was broken;

2) Defendant Walters refused to take any action when La Brec told her that his pain "was at a 10 out of 10" and showed her his swollen hand;

3) Defendant Weber refused to allow La Brec to be taken to the hospital, even after a physician ordered it;

4) Defendant Beaver observed that La Brec should have been taken to the hospital immediately, but she refused to order that, even though she had the authority to do so;

5) After La Brec was taken to and returned from the hospital, defendant Thorne, told La Brec to "stop punching walls" when La Brec told her that his pain medication was not helping his pain; she gave him a similar response when he made the same complaint on October 3;

6) Anderson refused to do anything when La Brec told her that his pain medication was ineffective;

7) Walters refused to take any action when La Brec told her that his hand was infected;

8) When La Brec complained that his pain was "a 10 out of 10" and his hand was "oozing pus" and bleeding, defendant Whalen told La Brec that he was "lucky he was even treated" and that he "should remember this lesson the next time he wanted to punch something";

9) Defendant Pafford failed to schedule a follow-up visit to the surgeon until two weeks after the date in La Brec's discharge instructions, which caused an "infection, pain and suffering";

10) Defendant Syed continued prescribing Tylenol and ibuprofen for La Brec even after it was clear that the medication wasn't effective.

3. All other claims are DISMISSED for La Brec's failure to state a claim upon which relief may be granted.

4. Pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of La Brec's complaint and this order are being sent today to the Attorney General for service on defendants Springs, Valerius, and Gibbons. La Brec should not attempt to serve defendants on his own at this time. Under the agreement, the Department of Justice will have 60 days from the date of the Notice of Electronic Filing of his order to answer or otherwise plead to La Brec's complaint if it accepts service for defendants.

Entered January 23, 2020.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge