IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LA BREC,

                Plaintiff,

  v.

SALAM SYED, LUCAS WEBER, RACHEL PAFFORD,
TRISHA ANDERSON, MELISSA THORNE,
NEAVER WALTERS, KATHY WHALEN,
JESSE BEAVER, DENISE VALERIUS,
FERN SPRINGS, and FIONA GIBBONS,

                Defendants.

ORDER

19-cv-804-jdp

---

      Pro se plaintiff Matthew La Brec is suing several prison staff members for failing to adequately treat a hand injury he sustained in September 2016 after punching the wall. He has submitted two requests to the court. First, he asks the court to appoint a neutral expert. Dkt. 47. Second, he asks the court to issue a subpoena to Divine Savior Healthcare in Portage, Wisconsin for records related to his treatment in September and October 2016. Dkt. 46. He also asks the court to stay his already twice-extended summary judgment deadline until an expert is appointed and he receives the medical records at issue. I will deny all of these requests.

      As for the request for the appointment of an expert, La Brec already made that request once. *See* Dkt. 28. I denied the request because La Brec failed to identify any complex information that the court will be unable to interpret in the context of resolving this case. *See DeJesus v. Godinez*, 720 F. App'x 766, 772 (7th Cir. 2017) (court may appoint neutral expert under Federal Rule of Evidence 706 when doing so is necessary to help the court or the jury "interpret complex information"). La Brec still fails to point to any specific evidence in this case that will require expert assistance to interpret, so he hasn't shown that it is appropriate to

appoint an expert. As I already informed La Brec, he may not seek an expert appointment simply to help him prove his case. *See Turner v. Cox*, 569 Fed. App'x. 463, 468 (7th Cir. 2014).

As for the request for a subpoena, he says that he wants "all medical records" relating to him from September 29, 2016, and October 28, 2016. Dkt. 46, at 1. He says that the records are "material to [his] opposition of defendants' summary judgment motion," *id.*, but he doesn't explain how the records will be helpful, so I decline to issue a subpoena at this time.

La Brec is free to renew his request if he can show why the medical records are relevant, but I will not stay his summary judgment deadline for that purpose. La Brec admits in his request that he's been aware of his need for the records since at least October 2020, and he doesn't explain why he didn't request a subpoena months ago. So La Brec will have to prepare his summary judgment response without those records.

ORDER

IT IS ORDERED that Matthew La Brec's requests for the appointment of an expert, Dkt. 47, and for a subpoena, Dkt. 46, are DENIED.

Entered April 8, 2021.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge