IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LA BREC,

                Plaintiff,

v.

SALAM SYED, LUCAS WEBER, RACHEL PAFFORD,
TRISHA ANDERSON, MELISSA THORNE,
NEAVER WALTERS, KATHY WHALEN,
JESSE BEAVER, DENISE VALERIUS,
FERN SPRINGS, and FIONA GIBBONS,

                Defendants.

OPINION and ORDER

19-cv-804-jdp

---

Three motions filed by plaintiff Matthew La Brec are before the court in this case about an alleged failure to adequately treat a hand injury in prison: (1) a motion to voluntarily dismiss some of La Brec's claims, Dkt. 55; (2) a motion under Federal Rule of Civil Procedure 56(d) for more time to respond to defendants' motion for summary judgment, Dkt. 49; and (3) a motion to accept some late-filed documents related to the first two motions, Dkt. 54. The last motion is unopposed, and I will grant it.

As for the first motion, La Brec asks to voluntarily dismiss all claims against defendant Fiona Gibbons and claims against defendant Denise Valerius arising out of conduct in 2017. I will grant the motion as it relates to Gibbons. But I cannot dismiss the claims against Valerius because La Brec isn't proceeding on any claims against Valerius arising out of 2017 conduct. Rather, La Brec is proceeding on a claim that Valerius violated his rights by failing to act in response to La Brec's complaints in January and April of *2018*. *See* Dkt. 16. If that is the claim La Brec intends to dismiss, he will have to file a new motion.

As for La Brec's motion under Rule 56(d), he says that he needs more time to respond to defendants' motion for summary judgment because defendants didn't comply with all his discovery requests. Dkt. 49. In response, defendants promise to supplement their responses, Dkt. 52, which moots most of the issues raised in La Brec's motion.

In his reply brief, La Brec raises only two objections. The first objection relates to La Brec's interrogatory no. 7 to defendant Trisha Anderson: "Describe in detail what the '24 hour board' is used for. If your response is set forth in any documents, produce them." Anderson provided the following response: "The 24-hour board was a communication form that was used between shifts and the next coming day(s) so staff could reference any major events or see any needed follow-ups that would need to occur." In his motion, La Brec objected on the ground that Anderson failed to provide the requested document. In response, defendants say that they will search their records for a copy of the written communication from the relevant date. In reply, La Brec says that he "want[s] an example [of a] 24-hour board, preferably a blank one, as well as any documents explaining how and why to use it, if they exist." Dkt. 58, at 2.

La Brec didn't clearly explain what he wanted, either in his interrogatory or his initial objection, but the explanation in his reply brief arguably falls within the scope of the interrogatory. And defendants didn't object to the interrogatory on the grounds of relevance. So I will direct defendants to provide the responsive documents if they exist.

La Brec's second objection relates to interrogatory no. 2 to Rachel Pafford: "What procedures did you use to ensure that LaBrec's care was properly continued by nursing staff, as well as by the M.D. If your response is set forth in any documents, produce them." Pafford provided the following response: "If there were any orders, I forwarded them to the appropriate people or made the offsite appointments as necessary." In his motion, La Brec

2

again objected that no documents were provided. In their response, defendants say that they will search for a "any document outlining the procedure for Pafford's job duties." Dkt. 52, at 8. But La Brec points out in his reply brief that his request wasn't for general procedures; it was for any documents showing what Pafford actually did. So I will direct defendants to comply with that request as well, if any responsive documents exist.

The multiple delays in summary judgment briefing, *see* Dkt. 42, 44, and 51, mean that the August 30, 2021 trial date and related deadlines are no longer feasible. So I will strike the schedule, and set a new summary judgment briefing schedule. I will set the remainder of the schedule after resolving defendants' summary judgment motion, if necessary.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew La Brec's "motion for late filing," Dkt. 54, is GRANTED.

2. La Brec's motion for voluntary dismissal, Dkt. 55, is GRANTED as to his claims against defendant Fiona Gibbons, and Gibbons is DISMISSED with prejudice. The motion is otherwise DENIED.

3. La Brec's Rule 56(d) motion, Dkt. 49, is GRANTED. Defendants may have until June 16, 2021, to provide the supplemental discovery responses that they promised in their response to La Brec's motion and that the court identified in this opinion. If no responsive documents exist, defendants should explain in their response the efforts they took to locate the documents. La Brec may have until July 14, 2021, to

respond to defendants' summary judgment motion. Defendants may have until July 24, 2021, to file reply materials.

4. All other deadlines and the trial date are STRUCK. I will reset the schedule after resolving defendants' motion for summary judgment, if necessary.

Entered June 2, 2021.

                        BY THE COURT:

                        /s/

                        _____

                        JAMES D. PETERSON
                        District Judge