IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LABREC,

                Plaintiff,

   v.

SALAM SYED and TRISHA ANDERSON,

                Defendants.

OPINION and ORDER

19-cv-804-jdp

---

As requested by the court, defendants Salam Syed and Trisha Anderson have identified the evidence they intend to offer related to Matthew LaBrec's past drug use. Dkt. 128. For the reasons explained below, the court is not persuaded that the evidence is admissible, so LaBrec's motion to exclude the evidence will be granted.

ANALYSIS

Defendants cite three exhibits and some deposition testimony from LaBrec to support their argument for presenting evidence of LaBrec's past drug use. First, defendants cite LaBrec's 2014 conviction for possession of methamphetamine and LaBrec's deposition testimony that he "abused primarily stimulants," namely methamphetamine, before he was incarcerated. He does not say when he last used methamphetamine.[1]

Second, defendants cite medical progress notes from August 2016, about 20 months before the events relevant to LaBrec's claim against Syed. Exh. 513. One of these notes

---

[1] The court has already concluded that defendants may offer the conviction under Rule 609 for limited purpose of evaluating LaBrec's credibility, and this opinion doesn't change that ruling.

summarizes a telephone call between prison staff and a hospital doctor, who said that LaBrec's "urine and other screens" were "negative" and that LaBrec should be monitored at the hospital until 6:00 p.m. "per poison control." A note from later that day states that LaBrec would be placed in observation status and provided a liquid diet. Defendants say that Syed will testify that he interprets these notes to mean that "LaBrec overdosed so that he had to be referred to the ER." *Id.* at 3.

Third, defendants cite an undated, unsigned document referring LaBrec for a psychiatric evaluation. Exh. 517. The document states that LaBrec "has a long history of mental health and substance abuse issues which manifests in impulsive and aggressive behavior, self-harming behaviors (i.e., cutting and banging his head), and poor decision making processes." *Id.* Defendants say that the document must have been created between May and November 2017 (around the time that Syed started treating LaBrec) because the author says that she has been treating LaBrec for six months and that 20 years had been added to his prison sentence since she started treating him. LaBrec received his 20-year sentence in May 2017 in *State v. Labrec*, 2016CF000326 (Chippewa Cty. Cir. Ct.).

In addition to these exhibits, defendants say that Syed will testify that "he was aware that Mr. LaBrec was on a medication crush order, which are only permitted after an inmate demonstrates a problem with medication abuse or misuse." Dkt. 128, at 3.

As the court explained in its motions in limine order, there are two potential theories for admitting evidence of LaBrec's past drug use. First, it could be relevant to explaining why Syed chose the course of treatment he did, but only if Syed was aware of that particular evidence, and he relied on the evidence when deciding how to treat LaBrec's pain. Second, it could be relevant to impeaching LaBrec on the issue of damages. Specifically, if LaBrec was

asking Syed for stronger painkillers, it could be relevant to show that LaBrec wasn't in as much pain as he said. But in that situation, it would be necessary to instruct the jury that they may consider the evidence only for the purpose of determining damages.

Defendants' brief focuses solely on the first theory of relevance, so it appears that they do not intend to rely on the second theory. Regardless, the court concludes that the evidence isn't admissible under a damages theory because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *See* Fed. R. Evid. 403. The case defendants relied on in their motions in limine brief involved a plaintiff who had been using drugs as recently as several hours before the events relevant to the case. *Smith v. Hunt*, 707 F.3d 803 (7th Cir. 2013). That is significantly different from a single conviction for methamphetamine possession from four years earlier. And the other evidence is too vague to be helpful on a damages theory. Even if the 2016 progress notes refer to an overdose as defendants suggest, the notes provide no context for how the overdose occurred. If it was an accident or an act of self-harm, it wouldn't support a view that LaBrec was faking or exaggerating his pain. Similarly, the undated psychiatric referral provides no details about the nature of LaBrec's "substance abuse issues." Evidence that LaBrec was abusing drugs would be obviously prejudicial, even with a limiting instruction, so the court declines to allow defendants to impeach LaBrec based on evidence that has such limited probative value.

As for the evidence's relevance to liability, the evidence defendants cite could be marginally relevant to explaining why Syed did not prescribe LaBrec a medication that was more addictive or easier to overdose on. But defendants haven't cited any testimony from Syed that he was aware of any the evidence they are citing, that he relied on the evidence when

making a treatment decision, or, if he did rely on it, how and why it influenced his treatment decisions.

The court's own review of Syed's progress notes and deposition undermines the contention that Syed actually reviewed LaBrec's medical history or that LaBrec's past drug use was a factor in Syed's decision to limit LaBrec's pain medication to amitriptyline and then Tylenol. Syed testified that he only sometimes consulted the patient's medical record. He also testified that he typically saw 15–20 patients in a normal work day. He explained his general reluctance to prescribe narcotics or gabapentin to younger patients out of concern for addiction. Syed professes to have no current recollection of LaBrec's treatment.

Syed's testimony shows that it is very unlikely that he reviewed, let alone relied on details from, LaBrec's medical history that he did not cite or refer to in his notes. If Syed were to testify otherwise at trial, he would be merely speculating, which is neither helpful to the jury nor fair to LaBrec. Under these circumstances, the evidence defendants cite is either irrelevant or unfairly prejudicial, so the court will exclude the evidence of LaBrec's past drug use.

#### ORDER

IT IS ORDERED that plaintiff Matthew LaBrec's motion in limine to exclude evidence of his past use of drugs is GRANTED.

Entered February 10, 2023.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4