IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LABREC,

                Plaintiff,                                  VOIR DIRE

    v.

SALAM SYED and TRISHA ANDERSON,            19-cv-804-jdp

                Defendants.

---

*Introduction*

This is a civil case about the adequacy of medical care provided to plaintiff Matthew LaBrec, who is a Wisconsin prisoner, by Trisha Anderson, who is a nurse, and Salam Syed, who is a doctor. LaBrec says that Anderson gave him inadequate treatment after he injured his right hand in September 2016 and that Syed did not adequately manage his chronic hand pain in 2018.

I am going to ask you some questions that will help us select those of you who will serve on the jury in this case. I may follow up with specific questions to get more details. If my questions touch on subjects that you don't want to discuss openly, let me know, and we'll bring you over to sidebar to discuss those questions confidentially.

I will speak at first to those of you in the jury box. But those of you in the gallery should pay attention to the questions. In case I have to call you forward to replace someone that I excuse, you should have your answers ready to go.

I will now ask all of you to stand and take an oath to truthfully answer my questions.

1. Have any of you ever heard of this case before today? Follow up at sidebar.

2. The trial of this case will begin today and will likely last three days. But to be safe, I will make sure jurors are available through Friday. The trial will ordinarily run from 9:00 a.m. to 5:30 p.m. with a morning break, a one-hour lunch, and an afternoon break. Are any of you actually unable to sit as jurors through Friday if necessary?

*Knowledge of parties and others*

3. Ask counsel to introduce the parties. Ask panel whether anyone knows the parties.

4. Ask counsel to stand and tell the jury where they practice and with whom. Ask panel whether anyone knows counsel or their associates or partners.

5. In addition to the parties, the witnesses in the case may include the following people:

    - Frank Lynn Walter
    - Jacquelyn Maki
    - Timothy Havenhill
    - Holly Gunderson
    - Laura Sukowaty
    - Ryan Blount

    Do any of you know any of those witnesses?

6. Do any of you know the judge or court personnel?

7. Do any of you know any of the other people on the jury panel?

*Questions to each prospective juror (listed on a sheet provided to jurors):*

Please stand up and tell us about yourself:

8. Name, age, and city or town of residence.

9. Marital status and number of children, if any.

10. Current occupation (former if retired or currently unemployed).

11. Current (or former) occupation of your spouse or domestic partner.

12. If you have adult children, what do they do?

13. Any military service, including branch, rank and approximate date of discharge.

14. How far you went in school and major areas of study, if any.

15. Memberships in any groups or organizations.

16. Hobbies and leisure-time activities.

17. Media consumption. What are your favorite types of reading materials, what sources do you use for news, what types of television or radio shows do you watch or listen to, what types of websites do you visit?

18. Have you ever written a letter to the editor in a newspaper or magazine?

19. Do you have any bumper stickers on your car? If so, what do they say or depict?

*Case-specific questions to the panel. Jurors may request that sensitive topics be addressed at sidebar*

*Litigation experience and opinions*

20. Have you or anyone close to you been a party to a lawsuit?

21. Have you or anyone close to you ever been a witness in a civil lawsuit or a criminal trial?

22. Have you or anyone close to you served on a jury? Follow up: nature of the case; find for plaintiff or defendant; were you the foreperson?

23. Do you have strong opinions, whether positive or negative, about people who go to court to obtain relief for wrongs they believe they have suffered?

*Specialized knowledge or experience*

24. Have you or anyone close to you worked for the Wisconsin Department of Corrections or in any law enforcement or correctional setting?

25. Have you or anyone close to you worked for the state of Wisconsin?

26. LaBrec is a prisoner and defendants were prison employees during the times relevant to this case. Do any of you have a strong positive or negative opinion about prisoners, people who have been convicted of crimes, or people who work in a correctional setting that might make it difficult for you to be fair and impartial in this case?

27. Do any of you have strong opinions about the correctional system or the appropriateness of confining people in prison or jail?

28. Do any of you have strong opinions about whether people confined in prison or jail are treated too harshly or too leniently?

29. Have any of you been the victim of a crime?

30. Have you or anyone close to you ever been confined in a jail or prison?

31. Have you ever visited a jail or prison?

32. Have you or anyone close to you ever had a negative experience dealing with a state employee, a person who works in corrections, or a law enforcement officer?

33. Do you or anyone close to you have specialized knowledge or experience related to medicine or medical care? If so, does that knowledge or experience include the treatment of fractures or chronic pain?

34. Have any of you ever broken, fractured, or dislocated your hand?

35. Have any of you undergone surgery for any broken bone or had pins surgically placed for an injury?

*Conclusion*

36. At the end of the case, I will give you instructions that will govern your deliberations. You are required to follow those instructions, even if you do not agree with them. Is there any one of you who would be unable or unwilling to follow my instructions?

37. Do you know of any reason whatsoever why you could not sit as a trial juror with absolute impartiality to all the parties in this case?